SUPERIOR COURT
OF THE
STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted:  November 29, 2021
Date Decided:  January 6, 2022
Withdrawn and Corrected:  January 7, 2022

Mr. Thomas W. Sammons
S.B.I. #211245
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Lindsay A. Taylor, Esquire
Deputy Attorney General
Department of Justice
102 West Water Street, 3rd Floor
Dover, Delaware 19904

RE:  *State v. Thomas W. Sammons*
ID No. K1107004907
"Motion for Abeyence for Motion for Reduction of Sentence"

Dear Mr. Sammons and Ms. Taylor:

The Court is in receipt of Mr. Sammons' latest filing that he captions a "Motion for Abeyence for Motion for Reduction of Sentence" seeking to invoke the Court's Criminal Rule 35(b) (D.I. 131).

On August 25, 2021, the Court exercised its discretion under 11 *Del. C.* § 4214(f) and modified Mr. Sammons' life sentence that had been imposed for second-degree burglary (Criminal Action No. RK11-07-0391-01) under the provisions of the Habitual Criminal Act extant at the time of his crime, conviction, and sentencing in 2011-12.  (D.I. 125-128).  On November 29, 2021, he docketed the current request.

Mr. Sammons filed this application under Superior Court Criminal Rule 35(b) requesting that the Court "hold this matter in abeyance for the purpose of filing a

motion for reduction of sentence at a later date."[1]  Put another way, Mr. Sammons has asked that the Court deem that a Rule 35(b) reduction motion has been timely filed, hold it in abeyance, and consider reducing his already-reduced term of imprisonment at some unspecified future date.

No doubt, Sammons filed this application to try to comply with Rule 35(b)'s ninety-day filing deadline and avoid having to carry the weighty "extraordinary circumstances" burden imposed thereafter.[2]  But even if one were to assume that Mr. Sammons: (1) can seek further reduction of his already §4214(f)-reduced sentence via Rule 35(b); and (2) had beat Rule 35(b)'s ninety-day clock—neither of which is a given—the Court ***cannot*** treat the filing of a timely Rule 35(b) motion as a "placeholder" or "bookmark" inciting the Court to retain and exercise jurisdiction over the life of an inmate's sentence in contemplation of future events which may or may not occur.[3]

---

[1]  Def. Mot., at 3 (D.I. 131).

[2]  "Rule 35(b) requires that an application to reduce imprisonment be filed promptly – i.e. within 90 days of the sentence's imposition – 'otherwise, the Court loses jurisdiction' to act thereon." *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).  An exception to this bar exists:  to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his own motion must demonstrate "extraordinary circumstances." *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphases added).  A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences. *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[3]  *Jones v. State*, 2021 WL 1590188, at *2 (Del. Apr. 22, 2021) ("As the Superior Court recognized, Jones could not avoid the ninety-day time period in Rule 35(b) by filing a placeholder motion within the ninety-day period and then filing a motion with the substantive grounds for relief after the ninety-day period had expired."); *State v. Tollis*, 126 A.3d 1117, 1121-24 (Del. Super. Ct.

Accordingly, the Court **DENIES** Mr. Sammons' "Motion for Abeyence for Motion for Reduction of Sentence" that seeks to invoke relief under Rule 35(b) (D.I. 131). When considering any future application for sentence reduction or modification filed by Mr. Sammons, the Court will be constrained to address any procedural bars under the applicable rules, statutes, and Delaware law before turning to the merits.[4]

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

Original to Prothonotary-Kent County

cc: Investigative Services Office

---

2016) (holding that placeholder applications are not permitted under Rule 35(b) or any other potential source of this Court's sentence reduction or modification authority).

[4] *See Tollis*, 126 A.3d at 1119 ("When addressing a sentence modification request, the Court first identifies the specific procedural mechanism the inmate attempts to invoke; it must then determine whether that mechanism is available under the circumstances."); *See also Redden*, 111 A.3d at 606 ("When considering a motion for sentence reduction under Rule 35(b), this Court addresses any applicable procedural bars before turning to the merits.").